IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ETHER L. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-459-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42. U.S.C. §§ 1381, *et seq.*, Ether L. Ware ("Ware" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the court affirms the Commissioner's decision.

I. NATURE OF THE CASE

Ware requests judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits and

supplemental security income. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999), (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis*, 125 F.3d at 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d

842 (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. PROCEEDINGS

Ware claims disability due to *broken right ankle, high blood pressure, and lack of calcium in her bones*. (Tr. 37). Following initial administrative denial of her claim, Ware requested a hearing before an administrative law judge ("ALJ") (Tr. 29). ALJ Michael D. Anderson ("ALJ Anderson") convened an evidentiary hearing on September 7, 2006 (Tr.

182-209). Ware was represented by an attorney, Pam Gooden Cook.

ALJ Anderson received direct testimony from Ware, lay witness Sylvia Washington, and vocational expert, Randal McDaniel. The remaining evidentiary record consisted of a letter by Ware's pastor, medical reports from treating sources, a "residual functional capacity assessment" completed by medical consultants who reviewed Ware's medical records upon request of Alabama Disability Determination Services,[1] and a disability determination letter completed by a consultative examiner.[2]

### IV. ADMINISTRATIVE DECISION

**A.   Sequential Evaluation Process**

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520, 416.920 (2005); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). When a claimant is found disabled – or not – at an early step, remaining steps are not considered. *Id*. This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability

---

[1] Stuart X. Stephenson, III., M.D. (Tr. 116-123). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

[2] Robert M. Combs, M.D. (Tr. 124-125).

determinations").

The burden of proof rests on a claimant through Step 4. *See Phillips*, 357 F.3d at 1237-39. As such, the claimant bears the burden of proof for the following:

(1) Whether she is currently performing a substantial gainful activity;

(2) Whether she has a severe impairment;

(3) Whether that severe impairment meets or exceeds an impairment in the listings; and

(4) Whether she can perform her past relevant work.

*Phillips*, 357 F.3d at 1237-1239. When a claimant carries the Step 1 through Step 4 burden, the proof establishes a *prima facie* case of qualifying disability. It is only at the fifth step that the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). *Id*. at 1238-39. RFC is what the claimant is still able to do despite her impairments, and is based on all relevant medical and other evidence. *Id*. Morever, it can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[3]

---

[3] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id*. A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

**B.     Findings and Conclusions**

Employing the five step process, ALJ Anderson found that Ware has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[4]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Ware is unable to perform any of her past relevant work (Step 4). (Tr. 15F-15J). As such, Ware established her *prima facie* case. Thus, ALJ Anderson analyzed whether Ware's impairment prevents her from performing work in the national economy that accommodates her RFC and vocational

---

[4]     ALJ Anderson found the following "severe" impairments: status left shoulder debridement and decompression, tennis elbow and right carpel tunnel release. (Tr. 21).

factors.

At Steps Four and Five, ALJ Anderson states he evaluated Ware's RFC and also received testimony from a vocational expert regarding Ware's ability to perform past relevant work as well as work available in the national economy. (Tr. 15J-15K). Upon consideration of the record, including the vocational expert's testimony, ALJ Anderson determined Ware retains the RFC to perform work available in the national economy. (Tr. 15K-15L). Consequently, the ALJ found Ware has not been disabled since the alleged onset date. (Tr. 15L).

### V. ISSUES

Ware raises two issues on appeal:

(1) Whether the Commissioner erred as a matter of law by failing to provide specific rationale for rejecting the testimony provided by Ware; and

(2) Whether the Commissioner erred in evaluating the evidence provided by lay persons.

Pl. Br. at p. 13 § III.

The Commissioner recharacterizes the two issues as follows:

(1) Whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law; and

(2) Whether the findings of fact are supported by substantial evidence.

Def. Br. at p. 2.

## VI. DISCUSSION AND ANALYSIS

To establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing:

(1) Evidence of an underlying medical condition; <u>and either</u>

(2) Objective medical evidence confirming the severity of the alleged pain; <u>or</u>

(3) That the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

In the case at hand, although ALJ Anderson does not specifically cite or refer to the language of the three-part test in *Holt*, his findings and discussion indicate that the standard was properly applied. *See Wilson*, 284 F.3d at1225-26 (the ALJ did not cite or refer to the language of the three-part test in *Holt*, but the findings and discussion indicated that the standard was applied). Further, ALJ Anderson cites to 20 C.F.R. § 404.1529 which "contains the same language regarding subjective pain testimony" that the Eleventh Circuit interpreted when initially establishing the three-part pain standard. *Id*. at 1226 (citations omitted); *see also* Tr. 15G (for ALJ Anderson's reference to statute and Social Security Ruling 96-7p). Based on the above, ALJ Anderson clearly applied the proper pain standard.

Furthermore, ALJ Anderson specifically articulated the following finding: "[a]fter

considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 15H). ALJ Anderson then provided a detailed description of Ware's medical records . (Tr. 15H-15J). Additionally, ALJ Anderson gives substantial weight to Dr. Combs in that his assessment letter he notes Ware can perform at least light work. (Tr. 15J, 125,127). He further references the RFC Assessment completed in which Dr. Stephenson opined Ware could perform light work activity. (Tr. 15J and 116-123). In sum, ALJ Anderson considered Ware's symptoms, medical records, vocational expert testimony, the testimony by Ms. Washington, and Ware's own testimony, and concluded that Ware's subjective complaints were not entirely credible based on the medical record and evidence as a whole. Based on the above, this court finds the ALJ made a reasonable decision to reject Ware's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so. Applying the pain standard, ALJ Anderson properly considered Ware's assessment of her pain level, and determined that it was not credible to the degree alleged because the objective evidence did not confirm the severity of Ware's alleged limitations. Nor has any doctor reached any conclusion that she is unable to work. Consequently, neither the second nor third prong of the *Holt* pain standard was met. *See Wilson*, 284 F.3d at 1226.

Ware also alleges the ALJ erred in evaluating the testimony and evidence given by

lay persons. Ms. Washington, Ware's sister, testified at the hearing that Ware has been in a lot of pain and Ware does not do a lot of activities that she used to participate in.. (Tr. 202). Further, Ware's pastor provided a letter stating her attendance at church had been reduced because of her ankle. (Tr. 74). However, the ALJ need not refer to each and every piece of evidence before him. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citations omitted) ("there is no rigid requirement that the ALJ specifically refer to each and every piece of evidence in his decision..."). Moreover, an explicit finding as to the credibility of Ms. Washington's testimony and the pastor's letter is not necessary as both simply complement Ware's testimony. An ALJ may imply a credibility determination in such cases. *See Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981) (the ALJ's credibility determination as to the former spouse was clearly implied by the explicit ruling as the claimant's testimony); *see also Tieniber v. Heckler*, 720 F.2d 1251, 1254-55 (11th Cir. 1983) (citing *Allen* and stating the implication must be so clear as to amount to a specific credibility finding so that it is obvious to the reviewing court).

In the instant case, ALJ Anderson makes an explicit finding as to credibility of Ware's testimony. (Tr. 15H). ALJ Anderson does reference Ms. Washington's testimony, but does not make an explicit finding as to the credibility of Ms. Washington's testimony. (Tr. 15G). However, since Ms. Washington's testimony is merely complementary to Ware's testimony, it is clear to this Court there is an implied finding as the credibility of her testimony. The pastor's letter was not specifically referenced by ALJ Anderson, but as previously discussed,

ALJ Anderson is not required to specifically refer to each piece of evidence in his decision. Moreover, as with Ms. Washington's testimony, it is clear that an implied credibility finding has been made since the information contained in the letter simply complements Ware's testimony. Accordingly, the determination was based on substantial evidence and a correct application of the law.

Based on the above information, there was substantial evidence for ALJ Anderson to determine Ware retains the RFC to perform work available in the national economy (Step 5). ALJ Anderson consulted a vocational expert to determine whether there is work in the national economy which Ware can perform. First, the vocational expert testified Ware would not be able to work at any of her past jobs as a housekeeper or short order cook. (Tr. 204). ALJ Anderson then posed two hypotheticals to the vocational expert. The first hypothetical posed to the vocational expert asked him to consider an individual with Ware's vocational profile and the limitations credibly established by the medical evidence. (Tr. 204-205). The vocational expert testified such a person would be able to work in the full range of unskilled and sedentary occupations. (Tr. 206). Examples would include working as a dispatcher, driving a taxicab or a truck, or assembly work. (Tr. 206-207). ALJ Anderson then posed a second hypothetical which incorporated Ware's own description of her limitations and restrictions. Under this scenario, the vocational expert testified the need to elevate her leg and a pain rating of eight out of ten would preclude her from any kind of work in the national economy. (Tr. 207).

When an ALJ finds it necessary to consult a vocational expert, the ALJ must pose hypothetical questions to the vocational expert to determine whether the someone with the same limitations as the claimant will be able to secure employment in the national economy. *Phillips*, 357 F.3d at 1240. The hypothetical must include "all of the claimant's impairments." *Wilson*, 284 F.3d at 1227 (citations omitted). Here, ALJ Anderson posed two hypothetical questions. (Tr. 204, 207). The first considered all of Ware's credible physical limitations and the vocational expert determined there are jobs Ware could do in the local and national economy. (Tr. 206); *see Loveless v. Massanari*, 136 F. Supp.2d 1245, 1251 (M.D. Ala. 2001) (Court determined the hypothetical was sufficiently comprehensive even though it did not include claimant's subjective allegations of pain which the ALJ did not find credible); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (The hypothetical does not have to include every impairment alleged by the claimant, but rather should encompass only those that are medically established. Thus, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*.") (emphasis added and citations omitted). Consequently, this Court determines the ALJ properly considered the vocational expert testimony in light of his prior determination about the credibility of Ware's subjective complaints of pain. Therefore, his conclusion that Ware could perform work in the national economy is supported by substantial evidence.

Based on the above, Ware would not meet Step 5 of the five-step, burden-shifting analysis. As such, ALJ Anderson's determination that Ware is not disabled within the

meaning of the Social Security Act is supported by substantial evidence.

## VII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 19th day of December, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).